**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN BREUNINGER, | * | Case No. 2:19-cv-02592 |
| | * | |
| Plaintiff, | * | Judge Alegenon L. Marbley |
| | * | |
| v. | * | Magistrate Judge Elizabeth Preston Deavers |
| | * | |
| JEFF WYLER COLUMBUS, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE**

**I.      INTRODUCTION**

Plaintiff Karen Breuninger ("Breuninger") and Defendant Jeff Wyler Columbus, Inc. ("Jeff Wyler") respectfully move this Court to approve the Parties' proposed Wage and Hour Settlement Agreement ("Agreement") resolving Breuninger's claims for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and under the Ohio state overtime statute, and to dismiss this action with prejudice. The Parties' proposed Agreement is attached hereto as **Exhibit A**. The Parties resolved Breuninger's remaining claims in a separate agreement.

As set forth more fully below, the parties participated in a formal, private mediation involving non-collusive, arms-length negotiations. The Parties respectfully submit that they have achieved a settlement in this action that is fair and reasonable, and that satisfies all of the criteria for this Court's approval under the FLSA.

## II.     FACTUAL BACKGROUND

### A.     Breuninger's Claims and Procedural History

On May 20, 2019, Breuninger filed a complaint alleging age discrimination under Ohio state law and unpaid overtime under the federal Fair Labor Standards Act and Ohio state law. (Doc. #5) Jeff Wyler removed the case to the U.S. District Court for the Southern District of Ohio. (Doc. #1) The Parties subsequently filed a Joint Motion to Stay Proceedings Pending Arbitration. (Doc. #9) The Court signed an Agreed Order Staying Proceedings pending the completion of arbitration. (Doc. #10)

### B.     Informal Exchange of Discovery & Settlement Negotiations

The Parties elected to participate in formal, private mediation before proceeding with arbitration. The mediation was held on October 18, 2019 with Diane Reichwein of Porter Wright Morris & Arthur LLP serving as mediator. The Parties submit that they each possessed sufficient information to allow for counsel to evaluate their respective claims and defenses, and to make appropriate recommendations regarding the resolution of this action.

At the mediation, Breuninger calculated that she was owed back overtime wages of $9,342.00, not including interest, liquidated damages, or attorney's fees.

At mediation the parties ultimately achieved a settlement of this action on the terms set forth in the Agreement (**Exhibit A**) and in a separate agreement regarding Breuninger's ADEA claims. (The separate settlement agreement regarding Breuninger's ADEA claims includes a general release.) The Parties concluded that an amicable resolution was preferable, taking into account the cost and time associated with the action as well as the uncertainty and risks inherent in any further litigation.

    **C.**    **Settlement Terms**

The Parties agreed to a gross settlement amount of $27,000.00 with respect to Breuninger's FLSA and Ohio wage and hour claims. (Exhibit A, § 1) This gross amount is allocated as follows: (1) $9,000.00 to back overtime pay, (2) $9,000.00 to liquidated damages, and (3) $9,000.00 to attorney's fees. (Exhibit A, § 1)

**III.**    **APPLICABLE LAW & PROPRIETY OF COURT APPROVAL**

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982); *see also Vigna v. Emery Federal Credit Union*, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *6-7 (S.D. Ohio Dec. 2, 2016); *Gentrup v. Renovo Serv., LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at *2 (S.D. Ohio June 24, 2011).

"The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Filby v. Windsor Mold USA, Inc.*, 2015 U.S. Dist. LEXIS 30034 at *5-6 (N.D. Ohio March 11, 2015) (citations omitted). "Avoiding the delay, risks, and costs of continued litigation against a defendant is a valid reason for counsel to recommend and for the court to approve a settlement." *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 12692, at *10 (S.D. Ohio Aug. 18, 2009).

"The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Padilla v. Pelayo*, 2015 U.S. Dist. LEXIS 101801, *2 (S.D. Ohio Aug. 4, 2015). To do

so, district courts consider several factors, including: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement. *Id.* at *2-3. Additionally, where the settlement proposes an award of attorneys' fees, these fees must be reasonable. *See id.* (*citing Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

### A. The Agreement should be approved by this Court.

#### 1. There is no indicia of fraud or collusion.

The Parties' counsel each have extensive experience litigating FLSA claims, including actions claiming unpaid overtime compensation. The Agreement was achieved after the Parties' counsel participated in formal, private mediation involving extensive, good-faith negotiations between the Parties. During the course of these negotiations, the Parties concluded that there were serious questions that would cast doubt on the ultimate outcome of the litigation, and it was not possible to predict how a trier of fact would decide the Parties' *bona fide* dispute over whether Breuninger did, in fact, perform work in excess of 40 hours per week, and if so, how many hours over 40 hours per week she worked. Under such circumstances, a presumption of fairness attaches to the Parties' proposed Agreement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354. There is no evidence of fraud or collusion that would undermine this presumption here.

#### 2. The complexity, expense, and likely duration of continued litigation favor approval.

Although this action is not a collective or class action, the case is complex in that it involves allegations of unpaid overtime under the FLSA. Here, the Parties dispute, among other things, the accuracy of Breuninger's claimed number of overtime hours worked per workweek, whether Breuninger reported to Jeff Wyler that she was owed alleged unpaid overtime wages, and whether

4

Breuninger was misclassified as an exempt employee. Litigating these issues any further would require costly and protracted litigation, including, but not limited to, formal written discovery, several costly depositions, motion practice, a potential trial, and many hours of preparation and related legal costs. A settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently. As such, this factor favors this Court's approval of the Agreement.

### 3. The amount of investigation of claims was sufficient to allow the Parties to act appropriately.

The Parties did not engage in the exchange of discovery prior to the mediation. However, at mediation Jeff Wyler accepted Plaintiff's estimate regarding the number of overtime hours she worked for negotiation purposes only, even though Jeff Wyler disputes that Plaintiff's estimate is accurate. In fact, were discovery to proceed the parties would likely not be able to locate much additional evidence given the number of overtime hours that Breuninger claims to have worked as much of her alleged overtime work occurred at home.

The legal issues presented in the case were also thoroughly researched by counsel for the Parties and all aspects of this dispute were well-understood by both sides.

Based on the foregoing, the Parties submit to the Court that their investigation and exchange of information was sufficient to allow their counsel to evaluate the Parties' respective claims and defenses and to make appropriate recommendations regarding the resolution of this Action.

### 4. The risks of litigation and the uncertainty of recovery support approval of the Agreement.

The Parties recognize that litigation entails uncertainty and risk in terms of costs, duration, and result. While Breuninger believes that if litigation were to continue, she would prevail on her claims, Jeff Wyler disputes liability, and contends that Breuninger was properly paid for all

of her overtime hours. Additionally, the range of recovery is in dispute, and Jeff Wyler has affirmative defenses to Breuninger's claims raising additional uncertainty with regard to the outcome of this case. For instance, Breuninger argues that liquidated damages apply to her claims, but Jeff Wyler contends that it will be able to successfully put forth a good faith argument that would deny liquidated damages.

The Parties' Agreement provides Breuninger substantial monetary relief in light of these risks. This benefit outweighs the time, expense, and risk it would take to continue to litigate this Action to judgment. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Further, based on the various issues in dispute and the uncertainty of the outcome of Breuninger's claims, the Parties agree that the amount Plaintiff is receiving pursuant to the Agreement represents a reasonable compromise.

### 5. The public interest further supports approval.

Finally, a swift and fair resolution of this dispute is in the public interest. If forced to continue to litigate, the Parties would necessarily waste the judicial resources of this Court. Continued litigation will also drive up attorneys' fees on both sides without necessarily increasing any award for Breuninger. In the end, both the Parties, and the public, would benefit from an early resolution of this matter.

### B. The settlement amount is fair, reasonable, and adequate.

The proposed settlement allocations of $9,000 to alleged back overtime pay and $9,000 to alleged liquidated damages represent approximately 96.3% of Breuninger's estimated unpaid overtime and 96.3% of Breuninger's estimated liquidated damages. These amounts are fair, reasonable, and adequate given the *bona fide* dispute between the Parties.

The Parties' proposed Agreement also includes a $9,000 payment for Plaintiff's attorneys' fees and costs. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The purpose of this provision is to ensure "effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (internal quotation marks omitted). The Court has the discretion to use either the lodestar method or a percentage of the settlement fund to award attorney fees. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993). Regardless of how the award is calculated, the final amount must be reasonable. *Id.* at 516.

To evaluate whether the amount of an award is reasonable, courts consider: "(1) the value of the benefit rendered, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys involved." *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)).

All of these factors militate in favor of granting the award of attorneys' fees pursuant to the Parties' proposed Agreement. By all accounts, Breuninger has been represented by experienced, competent and zealous counsel since filing suit. Breuninger's counsel has reviewed information provided by Breuninger regarding her overtime claims. Furthermore, absent this settlement, continued litigation would require much more discovery and briefing, possibly a trial, and even an appeal. Breuninger's counsel took this matter on a contingency basis, and as such, would have

had to litigate each of these stages without any promise of success and compensation and, at every step, Jeff Wyler could have succeeded. Breuninger's counsel resolved this case early and efficiently, rather than prolonging the litigation and increasing her fees, which would have provided no real benefit to Breuninger. Under these circumstances, this Court should approve the award of attorneys' fees as set forth in the Agreement.

## IV.    CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that this Court approve the settlement in this action by entering the proposed attached Order Approving Settlement and Dismissal of Action With Prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/*Erica Ann Probst* (by Matthew R. Byrne per email authorization) | /s/ *Matthew R. Byrne* |
| Erica Ann Probst (Ohio Bar No. 0073486) | Scott A. Carroll (Ohio Bar No. 0062115) |
| KEMP, SCHAEFFER & ROWE CO., LPA | Matthew R. Byrne (Ohio Bar No. 0082228) |
| 88 West Mound Street | JACKSON LEWIS P.C. |
| Columbus, OH 43215 | PNC Center, 26th Floor |
| Telephone: (614) 224-2678 | 201 E. Fifth Street |
| Facsimile: (614) 469-7170 | Cincinnati, OH 45202 |
| Email: erica@ksrlegal.com | Telephone:  (513) 898-0050 |
| | Facsimile:   (513) 898-0051 |
| | Email: scott.carroll@jacksonlewis.com |
| *Counsel for Plaintiff* | Email: matthew.byrne@jacksonlewis.com |
| *Karen Breuninger* | |
| | *Counsel for Defendant* |
| | *Jeff Wyler Columbus, Inc.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of November, 2019, a true and accurate copy of the foregoing Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice was filed with the Court via the Court's CM/ECF system, which will send electronic notification of such filing to the following:

    Erica Ann Probst
    KEMP, SCHAEFFER & ROWE CO., LPA
    88 West Mount Street
    Columbus, OH 43215
    Email: erica@ksrlegal.com

    *Counsel for Plaintiff*
    *Karen Breuninger*

                                                  /s/ *Matthew R. Byrne*
                                                  Matthew R. Byrne

4821-4832-9387, v. 2