## WAGE AND HOUR SETTLEMENT AGREEMENT

Jeff Wyler Columbus, Inc. ("Jeff Wyler") and Karen Breuninger, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Settlement Agreement and General Release as "Breuninger") agree that:

**WHEREAS**, Breuninger was employed by Jeff Wyler until May 1, 2019;

**WHEREAS**, in *Karen Breuninger v. Jeff Wyler Columbus, Inc. DBA Jeff Wyler Chevrolet*, Franklin County Court of Common Pleas, Case No. 19CV004097 ("Breuninger State Lawsuit"), which was removed to the U.S. District Court for the Southern District of Ohio as *Karen Breuninger v. Jeff Wyler Columbus, Inc.*, Case No. 2:19-cv-02592 ("Breuninger Federal Lawsuit"), Breuninger brought claims of (1) age discrimination under Ohio state law, Ohio Rev. Code 4112, (2) violation of Ohio's state wage and hour statute, Ohio Rev. Code 4111.03, *et seq.*, and (3) violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq.*;

**WHEREAS**, Breuninger specifically alleged that Jeff Wyler misclassified her as exempt from the FLSA's overtime requirement, when instead, Breuninger alleged, she should have been classified as a non-exempt employee and paid overtime for hours worked beyond 40 hours in a week, and Breuninger sought unpaid overtime compensation, liquidated damages, and attorneys' fees and costs;

**WHEREAS**, Breuninger alleged that she worked 10 hours of overtime per month during the relevant recovery period, plus additional overtime spent watching videos and completing training regarding the Chrysler warranty process, for a total of $9,342.00 in back overtime pay;

**WHEREAS**, Jeff Wyler disputed Breuninger's FLSA and Ohio wage and hour allegations by arguing that Breuninger was not misclassified as an exempt employee and therefore was not owed overtime compensation, and by disputing the number of "overtime" hours that Breuninger alleged she worked beyond 40 hours in a week during her employment;

**WHEREAS**, there is a *bona fide* dispute between the Parties as to Breuninger's FLSA and Ohio wage and hour claims;

**WHEREAS**, the Parties desire to compromise, settle, and resolve the disputed FLSA and Ohio wage and hour claims between them, arising with respect to Breuninger's employment with Jeff Wyler, and have reached an agreement to resolve the FLSA and Ohio wage and hour claims;

**WHEREAS**, the parties seek approval of the settlement by Judge Marbley—who has been assigned to hear the Breuninger Federal Lawsuit—pursuant to 28 U.S.C. § 216;

**WHEREAS**, the Parties have already resolved Breuninger's age discrimination claim in a separate settlement agreement; and

**NOW, THEREFORE**, in consideration of the promises, covenants and agreements set forth herein, it is hereby agreed as follows:

1.      **Consideration.** In consideration for signing this Settlement Agreement and General Release ("Agreement"), and complying with its terms, Jeff Wyler agrees to pay to Breuninger the total sum of Twenty Seven Thousand Dollars And Zero Cents ($27,000.00), which shall be divided and paid as follows:

(a)     to pay to Breuninger the sum of Nine Thousand Dollars And Zero Cents ($9,000.00), less lawful deductions and withholdings, in the form of a check made payable to Breuninger, and to issue to Breuninger an IRS Form W-2 for that amount, for alleged back overtime wages;

(b)     to pay to Breuninger the sum of Nine Thousand Dollars And Zero Cents ($9,000.00), from which no deductions will be taken, as compensation for alleged liquidated damages, and to issue to Breuninger an IRS Form 1099 for that amount, such that Breuninger is responsible for all taxes, if any, due or owed on that amount; and

(c)     to pay to Kemp, Schaeffer & Rowe Co., LPA, attorneys for Breuninger, the sum of Nine Thousand Dollars And Zero Cents ($9,000.00) as compensation for Breuninger's attorney's fees and costs, by check made payable to Kemp, Schaeffer & Rowe Co., LPA, which check shall be delivered to Kemp, Schaeffer & Rowe Co., LPA at 88 West Mound Street, Columbus, Ohio 43215, and to issue an IRS Form 1099 for that amount to Breuninger and to Kemp, Schaeffer & Rowe Co., LPA such that Kemp, Schaeffer & Rowe Co., LPA is responsible for all taxes that are owed by it, if any, on that amount.

Neither Jeff Wyler nor its counsel make any representations whatsoever regarding the tax implications of the consideration payments described in this Section 1. In the event that Breuninger fails to properly pay taxes on the above payments, Breuninger shall indemnify and reimburse Jeff Wyler for any resulting tax liability, penalties, and/or interest that Jeff Wyler is required to pay as a result of Breuninger's failure.

The consideration payment described in this Section 1 shall be paid by Jeff Wyler within twenty one (21) calendar days after Jeff Wyler's receipt of the latest of (1) a copy of this Agreement signed by Breuninger, and (2) an IRS Form W-9 for Kemp, Schaeffer & Rowe Co., LPA, and (3) issuance of an order by the Court in the Breuninger Federal Lawsuit approving this Agreement, provided that Breuninger does not revoke Breuninger's acceptance of this Agreement within the time period described below.

2.      **No Consideration Absent Execution of this Agreement.** Breuninger understands and agrees that Breuninger would not receive the monies and/or benefits specified in Section 1 above, except for Breuninger's execution of this Agreement and the fulfillment of the promises contained herein.

3.      **Release of FLSA Claim.** In exchange for the consideration provided for herein, Breuninger knowingly and voluntarily releases and forever discharges Jeff Wyler and its current and former parent corporations, affiliates, subsidiaries, divisions, predecessors, members, insurers, successors, and assigns, and their current and former owners, employees, members,

managers, attorneys, officers, directors, representatives, shareholders, investors, and agents thereof (including but not limited to Jeff Wyler Automotive Family, Inc.), both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (all persons or entities referenced in this Section 3(a) collectively referred to throughout the remainder of this Agreement as the "Released Parties"), of and from any and all claims, known and unknown, asserted or unasserted, which Breuninger has or may have against the Released Parties as of the date of execution of this Agreement under the Fair Labor Standards Act, the Equal Pay Act, and the Ohio wage and hour statutes, Ohio Rev. Code 4111.03, *et seq.*

8. **Approval and Dismissal.** In exchange for the consideration provided for herein, Breuninger agrees (1) to take all steps necessary to obtain the Court's approval of the settlement described in this Agreement, and (2) upon the Court's approval, to take all steps necessary to effectuate the dismissal with prejudice of all of Breuninger's claims in the Breuninger Federal Lawsuit, each party to bear its own costs. Breuninger further understands and agrees that Breuninger will not be entitled to the consideration provided for in this Agreement unless and until the Court approves this Agreement. In the event the Court denies approval of the settlement, this Agreement shall be null and void.

4. **Acknowledgments and Affirmations.**

    a. Upon receipt of the payment referenced in Section 1 of this Agreement, Breuninger affirms that Breuninger will have been paid and/or will have received all compensation, salary, bonuses, commissions, earned but unused vacation, and/or benefits to which Breuninger may be entitled as of the date Breuninger signs this Agreement.

    b. Breuninger affirms that all of Jeff Wyler's decisions regarding Breuninger's pay and benefits through the date of Breuninger's execution of this Agreement were not discriminatory based on disability, race, color, sex, religion, national origin, or any other classification protected by law.

    c. Breuninger affirms that this Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks, and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding matter. Breuninger affirms that Breuninger has entered into this Agreement of Breuninger's own free will and accord, and in accordance with Breuninger's own judgment, and after consultation with Breuninger's attorneys. Breuninger affirms that Breuninger is executing this Agreement knowingly and voluntarily.

10. **Governing Law and Interpretation.** This Agreement shall be governed and construed in accordance with the law of the State of Ohio without regard to its conflict of law provision. Should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. In the event of a breach of any provision of this Agreement, either Party may institute

an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

11. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Jeff Wyler or the other Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

12. **Dispute Resolution.** The Parties agree that any dispute, breach, or alleged breach arising out of or relating to this Agreement shall be resolved by binding arbitration between the Parties. The Parties agree that any such claim brought against Jeff Wyler and/or any of the Released Parties shall be heard without consolidation of such claim with any other person or entity's claim. The arbitrator shall have no power under this Agreement to consolidate claims and/or to hear a collective or class action. Arbitration shall be in accordance with the Employment Rules and Procedures of the National Arbitration and Mediation agency in effect at the time the dispute, breach, or alleged breach arises. The dispute will be resolved by a single arbitrator to be selected by the parties in the State of Ohio.

13. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

14. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, with the exception of the Jeff Wyler Automotive Family, Inc. Arbitration Agreement and the Settlement Agreement and General Release signed by Breuninger contemporaneously with this Agreement, which remain in effect. Breuninger acknowledges that Breuninger has not relied on any representations, promises, or agreements of any kind made to Breuninger in connection with Breuninger's decision to accept this Agreement, except for those set forth in this Agreement.

15. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be taken to be one and the same document, with the same effect as if all parties hereto had signed the same signature page. A facsimile or electronic copy of any party's signature shall be deemed as legally binding as the original signatures.

BREUNINGER AGREES THAT BREUNINGER HAS HAD A REASONABLE AMOUNT OF TIME TO REVIEW THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO SIGNING, AND BREUNINGER AFFIRMS THAT BREUNINGER HAS BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTATION OF THIS AGREEMENT.

BREUNINGER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS BREUNINGER HAS OR MIGHT HAVE AGAINST THE RELEASED PARTIES.

**The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:**

By: Karen Breuninger
Karen Breuninger

Date: 11/8/19

Jeff Wyler Columbus, Inc.

By (printed name):

Brian McNair

Signature: Brian McNair

Job Title: General Counsel

Date: 11-11-2019

4846-9374-4811, v. 2